FRANK B. GREEN, Respondent, v. LEHIGH VALLEY RAILROAD
COMPANY, Appellant.

Third Department, December 28, 1921.

Railroads — operation — statutory and interstate commerce regu-
lations — action for negligence for failure to equip railroad car
in interstate commerce with secure sill steps and grab irons as
required by Federal Safety Appliance Acts of 1893 and 1910 — act of
1893 requiring secure grab irons was in force at time of accident —
terms of Interstate Commerce Commission order did not suspend
operation of act of 1893, or of act of 1910, § 2 — question for jury
to determine whether car was equipped as law required.

In an action for negligence arising from the failure to equip a Grand Trunk
railroad car, from which the plaintiff fell, with secure sill steps and grab
irons or handholds as required by the Federal Safety Appliance Acts and
the order of the Interstate Commerce Commission supplementing them, it
appeared that under the provisions of the Federal act of 1893 secure grab
irons or handholds were required in the ends and sides of each car used in
interstate commerce for greater security to men in coupling and uncoupling
cars. By section 2 of the act of 1910 secure sill steps were made requisites for
all cars.    Section 3 of the same act related to the prescribing of standards
of equipment by the Commission and provided that it might extend the
time within which common carriers might comply.    Thereafter, the
Commission duly made specifications of standard equipment and subse-
quently extended the date for compliance with the order requiring its
installation.    The car from which plaintiff fell was in service at the time
of the passage of the act of 1910.

*Held*, that the time for compliance with the act of 1893 requiring " secure
grab irons or handholds in the ends and sides of each car " had not
been extended by the order of the Commission, and that said act was in
force at the time of the accident;

That the Commission had no power, under the act of 1910, to suspend the
operation of section 2 thereof requiring the defendant to have secure sill
steps on the car, but could only extend the time for the taking effect of
its orders relating to standards of equipment.

Upon all the evidence it was a question for the jury to determine whether
the car from which the plaintiff fell was equipped with secure sill steps
and handholds as the law required.

APPEAL by the defendant, Lehigh Valley Railroad Company,
from a judgment of the Supreme Court in favor of the plaintiff,
entered in the office of the clerk of the county of Tioga on the
23d day of March, 1918, upon the verdict of a jury for $4,000,
and also from an order entered in said clerk's office on the

same day denying defendant's motion for a new trial made upon the minutes.

*Cobb, Cobb, McAllister, Feinberg & Heath [Riley H. Heath of counsel], for the appellant.*

*Charles C. Annabel, for the respondent.*

JOHN M. KELLOGG, P. J.

The appellant raises only one question upon this appeal. There was a good deal of confusion and misunderstanding at the trial with reference to the law controlling the case. The complaint alleged that the injury was caused by the failure to equip the Grand Trunk car, from which plaintiff fell, with secure sill steps and secure grab irons or handholds as required by the Federal Safety Appliance Acts and the order of the Interstate Commerce Commission. The case apparently was tried, until near the end, upon the theory that the Federal statutes and the order of the Commission required such equipment. It then seemed that some or all of the provisions of the statutes and order of the Commission relied upon were suspended so that they were not in force at the time of the accident. The charge justifies a verdict for the plaintiff ·if the Federal statutes required secure sill steps and secure handholds as a part of the equipment of the car. The judge charged the jury that the order of the Interstate Commerce Commission with respect to standard equipment, so far as relates to the question under consideration, had been suspended until after the accident, but that it was for the jury to determine whether the original statutes had been violated. Appellant contends that not only the operation of the requirement in the order but also of the statutory provisions had been suspended.

The first statute relied upon is section 4 of the Federal act of March 2, 1893, which provides, in substance, that from and after July 1, 1895, until otherwise ordered by the Interstate Commerce Commission, it shall be unlawful for any railroad company to use any car in interstate commerce that is not provided with secure grab irons or handholds in the ends and sides of each car for greater security to men in coupling and uncoupling cars. (27 U. S. Stat. at Large, 531, § 4.) Section 7 of the act provides that the Interstate Commerce Commis- ·

sion, for good cause shown, may extend the period within which any common carrier shall comply with that provision.* The supplemental act of April 14, 1910, provides, in substance, that after July 1, 1911, it shall be unlawful to haul or permit to be hauled any car not equipped with secure sill steps. (36 U. S. Stat. at Large, 298, § 2.) The important section is section 3 of the act, which requires the Interstate Commerce Commission, within six months, to designate the number, dimensions, location and manner of application of the appliances provided for by section 2 and by section 4 above referred to, and that the appliances so provided shall be the standards of equipment to be used on all cars subject to the provisions of this act " unless changed by an order of said Interstate Commerce Commission." It provided that the Commission, upon hearing, and for good cause shown, may " extend the period within which any common carrier shall comply with the provisions of this section with respect to the equipment of cars actually in service upon the date of the passage of this act."† Thereafter the Commission duly made specifications of standard equipments which, with reference to sill steps, required four, one near each end on side of car so that it shall not be more than eighteen inches from the end of the car to the center of the sill step, and it then required four side handholds, one near each end, on each side of car, but the tread of a side ladder is a handhold. Thereafter the Commission duly made orders extending the time until July 1, 1917, for compliance with its order requiring standard equipment to be used.

The respondent urges that the suspension only affected the order of the Commission as to the standard equipment, but did not affect the general provisions of the statute of 1893 which required the secure grab irons or handholds, and did not extend to the provision of section 2 of the act of 1910 requiring secure sill steps. The act of 1893 (§ 7) expressly permits the Interstate Commerce Commission to extend the period within which any common carrier shall comply with the provisions of that act. The act of 1910 (§ 3) provided

---

*See 27 U. S. Stat. at Large, 532, § 7.— [REP.

†See 36 U. S. Stat. at Large, 298, § 3.   See, also, Id. 1363, 1397, chap. 285.— [REP.

that the Commission "may * * * extend the period within which any common carrier shall comply with the provisions of this section with respect to the equipment of cars actually in service upon the date of the passage of this act." This car was then in service. The Interstate Commerce Commission's order of extension, made March 13, 1911, provides "that the period of time within which said common carriers shall comply with the provisions of section 3 of said act [of 1910] in respect of the equipment of cars in service on the first day of July, 1911, be, and the same is hereby, extended as follows: * * * (f) Carriers are granted an extension of five years from July 1, 1911, to change and apply all other appliances on freight-train cars to comply with the standards prescribed in said order, * * * provided that the extension of time herein granted is not to be construed as relieving carriers from complying with the provisions of section 4 of the act of March 2, 1893, as amended April 1, 1896, and March 2, 1903." * The amendments referred to are not relevant here. It is, therefore, plain that the statute of 1893 requiring "secure grab irons or handholds in the ends and sides of each car" was in force at the time of the accident. As we have seen, the terms of the order do not purport to suspend the operation of section 2 of the act of 1910, but do extend the period of time within which section 3 of the act of 1910 shall be complied with. That section relates only to the prescribing of the standards of equipment by the Commission, and does not give permission to suspend the operations of the statute itself, so that the provisions of the order making the four sill steps, placed as mentioned, standard equipment, was not in force, but the statutory provision remained. If the order had remained in force, four sill steps, placed as required by the Commission, would have been a complete compliance with the law under all conditions, but the provision as to standard equipment not applying, the duty remained upon the company to have secure sill steps on the car. The order of the Commission, made November 2, 1915, apparently only extended the order of March 13, 1911, for another year.

* See 29 U. S. Stat. at Large, 85, chap. 87, amdg. 27 id. 532, § 6; 32 id. 943, chap. 976.— [REP.

We conclude, therefore, that the Interstate Commerce Commission had the right to extend the time for the performance of the requirement as to handholds and grab irons in the law of 1893, but that it expressly refused to make the extension in that respect. It had no power, under the law of 1910, to suspend the provisions of that statute relating to sill steps, but could only extend the time for the taking effect of its orders relating to standard equipment. Upon all the evidence it was a question for the jury to determine whether this car was equipped with secure sill steps and handholds as the law required.

It follows, therefore, that the appellant's contention is not well founded and that the judgment and order should be affirmed, with costs.

Present — JOHN M. KELLOGG, P. J., WOODWARD, COCHRANE, H. T. KELLOGG and VAN KIRK, JJ.

Judgment and order unanimously affirmed, with costs.